[No. 53641-4. En Banc. February 11, 1988.]

THE STATE OF WASHINGTON, *Petitioner*, v. JAMES WILBUR, ET AL, *Respondents*.

*Seth R. Dawson, Prosecuting Attorney,* and *Cassandra Noble, Deputy,* for petitioner.

*Michael K. Taylor* of *Snohomish County Public Defender Association, Tom P. Conom,* and *Richard I. Sampson,* for respondents.

ANDERSEN, J.—
## FACTS OF CASE

At issue in this case is whether the state prostitution statute, RCW 9A.88.030, also applies to patrons of prostitutes.

As the prosecuting attorney's brief explains the background of the case,[1] a fictitious escort service was set up and advertised to the general public by the Snohomish County Sheriff's Department. This was part of a prostitution "sting" operation. When the defendants called the escort service to request escorts, they were given a name and a meeting place at a local motel. There, the escort (actually a sheriff's deputy posing as a prostitute) met each defendant, discussed what the defendant wanted and the fee. Then, as the prosecutor claims, when a defendant said he wanted sex and would pay the agreed upon price, other officers entered the motel room and arrested him. There are five defendants in the consolidated cases before us.

Although the Snohomish County Code makes *patronizing* a prostitute a crime,[2] the defendants were not charged under the county code but were charged under the state statute making *prostitution* a crime (RCW 9A.88.030).[3] The District Court dismissed the cases in issue on the basis that the state prostitution statute did not make patronizing

---

[1]Brief of Appellant, at 1, 2.

[2]"A person is guilty of patronizing a prostitute if:

"A. Pursuant to a prior understanding he pays a fee to another person as compensation for such person or a third person having engaged in sexual conduct with him; or

"B. He pays or agrees to pay a fee to another person pursuant to an understanding that in return therefor such person will engage in sexual conduct with him; or

"C. He solicits or requests another person to engage in sexual conduct with him in return for a fee. (Ord. 83–010 SS2 (part), adopted February 25, 1983)." Snohomish County Code 10.04.080.

[3]"A person is guilty of prostitution if such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee." RCW 9A.88-.030(1).

a prostitute a crime. On appeal to the Superior Court, that decision was affirmed and on the same basis.[4] We granted discretionary review.[5]

One issue is presented.

## ISSUE

Does the state statute making prostitution a crime (RCW 9A.88.030) also make it a crime to patronize a prostitute?

## DECISION

CONCLUSION. We agree with the District Court and the Superior Court and answer the question posed by this issue in the negative. Although the Legislature enacted legislation making *prostitution* a crime, at the same time it rejected proposed companion legislation making it a crime to *patronize* prostitutes. The legislation as enacted does not make it a crime for a person to agree to pay money to a police decoy for sex, as was alleged to have occurred in this case.

 The primary objective of statutory construction is to carry out the intent of the Legislature, and that intent must be determined primarily from the language of the statute itself.[6]

The statute defining the crime of prostitution reads as follows:

> Prostitution. (1) A person is guilty of prostitution if such person engages or agrees or offers to engage in sexual conduct with another person *in return for a fee.*

(Italics ours.) RCW 9A.88.030(1).

By its terms, the statute only applies if the person engaging, agreeing or offering to engage in sexual conduct does so "in return for a fee". Thus, even if the patron of a

---

[4]Decision on RALJ Appeal dated January 29, 1987. See RALJ 1.1–11.9.

[5]Order dated May 5, 1987.

[6]*People's Org. for Wash. Energy Resources v. Utilities & Transp. Comm'n,* 101 Wn.2d 425, 429, 679 P.2d 922 (1984); *Jordan v. Oakville,* 106 Wn.2d 122, 127, 720 P.2d 824 (1986).

prostitute engaged, agreed or offered to engage in sexual conduct, unless the patron did so "in return for a fee" the patron has not directly violated this statute. Under this prostitution statute, the *recipient* of the "fee" directly violates the statute, not the *payor* of the fee.

"If the statutory language is plain and unambiguous, the court's inquiry must end, for a statute's meaning must be derived from the wording of the statute itself."[7] Furthermore, "fundamental fairness requires that a penal statute be literally and strictly construed in favor of the accused although a possible but strained interpretation in favor of the State might be found."[8]

We deem it appropriate in this case to go further, however, and point out that the legislative history of this prostitution statute also confirms our interpretation of it.

█ The prostitution statute was contained in the revised Washington Criminal Code adopted by the Legislature in 1975, effective July 1, 1976.[9] This was the first comprehensive revision of the criminal code in 65 years.[10] After a detailed drafting, revision and publication for comment process, a proposed revised code was adopted by the full Legislative Council on January 15, 1971, and introduced as a Legislative Council request bill at the 1971 regular session of the Washington Legislature where it died in the Senate committee to which it was originally referred.[11]

In the form in which the revised Washington Criminal Code was initially proposed by the Legislative Council and

---

[7]*State v. Von Thiele*, 47 Wn. App. 558, 562, 736 P.2d 297 (1987), citing *Human Rights Comm'n v. Cheney Sch. Dist. 30*, 97 Wn.2d 118, 121, 641 P.2d 163 (1982).

[8]*State v. Hornaday*, 105 Wn.2d 120, 127, 713 P.2d 71 (1986).

[9]Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.88.030.

[10]*See* Laws of 1909, ch. 249.

[11]*See* Woodall, *Introduction, Symposium—The Revised Washington Criminal Code*, 48 Wash. L. Rev. 1 (1972).

introduced in the Legislature, it would have criminalized *both* prostitution and patronizing a prostitute. The Legislative Council request bill defined the crime of prostitution as follows:[12]

> PROSTITUTION. (1) A person is guilty of prostitution if such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee.

That same bill defined the crime of patronizing a prostitute as follows:[13]

> PATRONIZING A PROSTITUTE. (1) A person is guilty of patronizing a prostitute if:
> (a) pursuant to a prior understanding, he pays a fee to another person as compensation for such person or a third person having engaged in sexual conduct with him; or
> (b) he pays or agrees to pay a fee to another person pursuant to an understanding that in return therefor such person or a third person will engage in sexual conduct with him; or
> (c) he solicits or requests another person to engage in sexual conduct with him in return for a fee.

In its published comments to the proposed code, the Judiciary Committee of the Legislative Council explained its reasoning for proposing to make patronizing a prostitute a crime: "so long as prostitution itself is illegal, some penalty should be levied against a customer of this business. For one thing, the risk of spread of disease is a social concern worthy of some protection. For another, it seems unfair to penalize the prostitute alone."[14]

As one commentator on the Legislative Council's proposed code observed, "[t]he inclusion of customers within its criminal sanctions is the greatest change effected by the

---

[12]Senate Bill 384, § 9A.88.020(1), 42d Legislature, Reg. Sess. (1971).

[13]Senate Bill 384, § 9A.88.030(1), 42d Legislature, Reg. Sess. (1971).

[14]Legislative Council's Judiciary Committee, *Revised Washington Criminal Code* 354–55 (Dec. 3, 1970) (published for comment).

Code."[15] It was a proposed change, however, which the Legislature would decline to adopt when it ultimately enacted the bulk of the Legislative Council's proposed code into law in 1975.

In the interim between the failure of the revised Washington Criminal Code to pass the Legislature in 1971, and 1975, when it ultimately was adopted, a variety of views on the proposed code were expressed and debated.[16] This debate continued over into the 1975 legislative session where several versions and aspects of the proposed code were separately introduced.[17] Some of these bills included the identical Legislative Council bill language quoted above.[18] Several of these were considered together at hearings held in the Judiciary Committee of the House of Representatives. That Committee then reported out one of the bills, namely Engrossed Senate Bill 2092, but struck the language of the original bill and substituted a comprehensive amendment which contained the Judicial Council's recommended language prohibiting prostitution as section 9A.88.030(1) of that bill, but deleted entirely the language prohibiting patronizing a prostitute.[19] So far as those portions of the bill are concerned, this was the form in which Engrossed Senate Bill 2092 passed the Legislature and was enacted into law as part of the Washington Criminal Code.[20] Section 9A.88.030(1) of that bill is now in our statutes as RCW 9A.88.030(1), and is the prostitution statute under which the charges in the present case were brought.

---

[15]*Symposium,* 48 Wash. L. Rev. at 274.

[16]*See Symposium,* 48 Wash. L. Rev. at 5–289.

[17]*See* Senate Bills 2092, 2093, 2198, 2230, and 2313, 44th Legislature, Reg. Sess. (1975); House Bill 148, 44th Legislature, Reg. Sess. (1975).

[18]*See* House Bill 148, §§ 9A.88.030–.040, 44th Legislature, Reg. Sess. (1975); Senate Bill 2313, §§ 9A.88.030–.040, 44th Legislature, Reg. Sess. (1975).

[19]Senate Journal, 44th Legislature (1975), at 1763, 1790–91.

[20]Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.88.030(1).

In discussing the legislative history of the prostitution statute, an exchange which occurred on the Senate floor between Senator Francis, Chairman of the Senate Judiciary Committee, and Senator North requires comment. This exchange occurred after the amended bill passed the House and was returned to the Senate:[21]

POINT OF INQUIRY

Senator North: "Will Senator Francis yield? A question for clarification here. In dealing in this revision with prostitution for two individuals over the age of eighteen, now am I correct that the seller is a criminal and the purchaser is not, so that you have two people engaged in a mutual act here but one is a criminal and one is innocent? Is that correct?"

Senator Francis: "That is not correct, Senator North, and never has been. It is the law now that *both are criminals, both under the principals law and under the parties to a crime law* and that would remain the same. What we have not done or what the House did not do is add a new section declaring it a separate crime to patronize a prostitute and that, I understand, developed some objection in your caucus but there is no question that both parties can be prosecuted right now under the present law and will be able to continue to be prosecuted under the code that is before us."

Senator North: "Thank you."

(Italics ours.)

The prosecutor relies on this exchange, and on remarks of Representative Smith in the House Judiciary Committee hearings (concerning charging customers with complicity in the crime of prostitution) in support of the prosecutor's theory that the prostitution statute itself makes criminal the act of being the patron of a prostitute. Defense counsel argue that Representative Smith and Senator Francis were simply mistaken as to the law. It appears to us that what Senator Francis and Representative Smith were referring to is the situation where, if a prostitute is violating the prostitution statute, the customer or patron might be charged

---

[21]Senate Journal, 44th Legislature, 1st Ex. Sess. (1975), at 1958.

under an accomplice or complicity theory.[22] Whatever the merit of such an argument might or might not be in another case, that is not the situation presented here. In this case, we do not have a prostitute committing the crime of prostitution but a police officer decoy who had no intention whatsoever of engaging in sexual conduct with a defendant in return for a fee and, in addition, find no such theory argued by the prosecutor.

Finally, we observe that respected commentators on the new Washington Criminal Code (in the form in which it was enacted in 1975) support our decision herein. As a State Bar Association Continuing Legal Education (CLE) Seminar on the new code observed:[23]

> The statutes [RCW 9A.88.030–.090] cover the prostitute, pimp, and madam—but *not* the *customer.*

The Washington State Criminal Justice Training Commission, *Revised Criminal Code Training and Seminar Manual* (compiled and edited by G. Golob & G. Mooney 1976), at 9A.88.030–3 also points out:

> It should be noted however, that the legislature deleted a provision which made patronizing a prostitute an offense, a "traditional" aspect of this crime which shall be adhered to, at least in the revised code of Washington. (It should be noted that various local jurisdictions have enacted "patronizing" ordinances.)

We further note that in 1977 a bill was introduced in the House of Representatives that would have amended the prostitution statute to make it applicable to the payors of the fee as well as to recipients of the fee, but it too failed to pass.[24]

The prosecutor argues for the first time on appeal that nonapplication of the prostitution statutes to patrons

---

[22]*See* RCW 9A.08.020.

[23]Washington State Bar Ass'n, *Practice Under the New Criminal Code,* comment b, at 69 (1976).

[24]House Bill 244, 45th Legislature, Reg. Sess. (1977).

24

would be a violation of equal protection. Prostitution as defined by the new statute applies to proscribed acts between persons without regard to their sex; as such it is gender neutral.[25] No violation of equal protection appears. The defendants' argument that the prosecutor's appeal is frivolous is similarly not well taken.

We affirm the judgments of dismissal.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, CALLOW, GOODLOE, and DURHAM, JJ., concur.