110 Wn.2d 806 (1988)
756 P.2d 736
BRAD STONE, Appellant,
v.
CHELAN COUNTY SHERIFF'S DEPARTMENT, ET AL, Respondents.
No. 54388-7.
The Supreme Court of Washington, En Banc.
June 23, 1988.
*807 Scott & Schmidt, by Robert H. Scott, Jr., for appellant.
Gary A. Riesen, Prosecuting Attorney, for respondents.
DORE, J.
Brad Stone brought this action against Chelan County and the Chelan County Sheriff's Department alleging he was wrongfully denied employment because he refused to take a polygraph examination, in violation of RCW 49.44.120. The question presented is whether a city law enforcement employee who requests transfer of employment to the county sheriff's office pursuant to RCW 41.14.250-.270 is "making initial application for employment" so as to fall within an exception to RCW 49.44.120, which prohibits requiring lie detector tests as a condition of employment. The trial court answered in the affirmative and granted the County summary judgment. We affirm.

FACTS
In late 1983 a regional jail facility was built in Wenatchee to consolidate the jail services for Chelan County, Douglas County and the City of Wenatchee. The Chelan County Sheriff's Department contracted with the City and Counties to operate the jail. As a result, the City of Wenatchee announced that at the end of 1983 it would close its jail and terminate all employees associated with its jailing function.
Stone was one of five Wenatchee jailers whose positions were to be terminated. All five requested a transfer of employment to the Chelan County Sheriff's Department pursuant to RCW 41.14.250-.270. Those statutes allow city police department employees, who qualify, to transfer into the civil service system for the county sheriff's office when their jobs are terminated as a result of the City contracting to have its law enforcement services provided by the County.
*808 As a condition of employment, the Wenatchee jailers were required to comply with the County's civil service rules for new employees, which included that they pass a physical examination, be of good moral character, and pass a polygraph examination. They were not, however, required to take the written examination generally given other applicants.
Each of the jailers had taken a polygraph examination before being hired by the City. The County Sheriff's Department agreed that if it was satisfied with the results of those exams, the jailers would not be required to take another.
The Wenatchee City Police Department's polygrapher, Captain Derifield, reviewed the prior polygraph examinations and determined that all of the jailers had satisfactory results except Stone. Stone had taken the polygraph exam in 1981. At that time he revealed a pattern of limited and extensive use of amphetamines, hashish, cocaine, barbiturates and marijuana, continuing up to several days before the exam. Exhibit 1. Further, Captain Derifield found that Stone's answers to the questions "Are you now concealing any information about narcotics?" and "Are you now concealing any information about committing a serious crime?" indicated strong feelings in the area, but were inconclusive as to truth or deception. He stated a more specific examination with a narrower scope was needed to determine Stone's truthfulness. Based on Stone's responses during the pre-exam interview, Captain Derifield recommended that Stone be retested regarding his use of drugs before being hired by the County.[1]
The County Sheriff's Department informed Stone that it was not satisfied with his polygraph results in the area of drug use, and would not hire him unless he took and passed *809 another polygraph examination. Stone refused to do so and was not hired by the County. When the Wenatchee jail closed, Stone's job was terminated.
Stone then brought suit, alleging the County was prohibited from requiring a pre-employment polygraph exam under RCW 49.44.120. The parties submitted cross motions for summary judgment. The trial court granted the County's motion and dismissed Stone's claim. Stone appealed and we accepted certification from Division Three of the Court of Appeals.

I
RCW 49.44.120 provides in relevant part:
It shall be unlawful for any person, firm, corporation or the state of Washington, its political subdivisions or municipal corporations to require, directly or indirectly, that any employee or prospective employee take or be subjected to any lie detector or similar tests as a condition of employment or continued employment: Provided, That this section shall not apply to persons making initial application for employment with any law enforcement agency ...
Stone contends he does not fall within the statute's proviso. He argues he was not making initial application for employment with the County Sheriff's Department but was merely continuing his employment, as he had a right to transfer to the County under RCW 41.14.250-.270. The transfer statutes were enacted to give special protection and privileges within the county civil service system to city law enforcement employees who lose their jobs when the City contracts to have law enforcement services provided by the County. See RCW 41.14.260.[2] However, these statutes do not grant city employees an absolute right to employment with the County.
In construing a statute, our objective is to ascertain and give effect to the Legislature's intent. State v. Standifer, *810 110 Wn.2d 90, 92, 750 P.2d 258 (1988); State v. Wilbur, 110 Wn.2d 16, 18, 749 P.2d 1295 (1988). That intent is determined primarily from the language of the statute. Wilbur, at 18. If the language is clear and unambiguous, there is no need for judicial interpretation. Standifer, at 92.
[1, 2] RCW 41.14.260(1) states that "[a]n eligible employee may transfer into the county civil service system for the sheriff's office ..." (Italics ours.) An eligible employee is defined as one who
(1) was at the time such contract [between the City and County] was entered into employed exclusively or principally in performing the powers, duties, and functions which are to be performed by the county sheriff's office under such contract (2) will, as a direct consequence of such contract, be separated from the employ of the city or town, and (3) meets the minimum standards and qualifications of the county sheriff's office ...
(Italics ours.) RCW 41.14.250. The plain language of these statutes indicates city law enforcement employees do not have an unconditional right to transfer their employment, but must first meet the County's minimum employment standards and qualifications. The County therefore has the right to test these employees and refuse employment to those who may have met the City's standards, but do not meet the County's. To interpret the transfer statutes otherwise would render the third eligibility requirement in RCW 41.14.250 meaningless. Statutes should not be construed so as to render any portion meaningless or superfluous. Avlonitis v. Seattle Dist. Court, 97 Wn.2d 131, 138, 641 P.2d 169, 646 P.2d 128 (1982). Further, we find nothing in the legislative history of these statutes indicating the Legislature intended a contrary result.
The question then is whether the Wenatchee jailers, by seeking transfer, were "making initial application for employment" with the County Sheriff's Department under *811 RCW 49.44.120. "Application" is defined as an "appeal", "request" or "petition". Webster's Third New International Dictionary 105 (1981). To the extent the jailers did not have an absolute right to employment with the County, they were requesting and therefore making application for employment.
We are not persuaded by Stone's argument that he and the other Wenatchee jailers were not applying for jobs with the County because they were not required to compete with the other applicants and take the written examination. Based on the jailers' unique situation and their past training and experience, it was reasonable for the County to grant them a preference and waive this requirement. However, the jailers were still required to meet the County's other employee qualifications. We conclude the jailers were applying for employment and the County could require Stone to take and pass a polygraph examination.

II
[3] We also find no merit to Stone's claim that his equal protection rights were violated because he was the only Wenatchee jailer required to retake the polygraph examination.[3] A denial of equal protection may occur when a valid law is administered in a manner that unjustly discriminates between similarly situated persons. Yick Wo v. Hopkins, 118 U.S. 356, 373-74, 30 L.Ed. 220, 6 S.Ct. 1064 (1886). Unequal enforcement will violate equal protection rights if deliberately or purposefully based upon an unjustifiable standard such as race, religion or other arbitrary grounds. Oyler v. Boles, 368 U.S. 448, 456, 7 L.Ed.2d 446, 82 S.Ct. 501 (1962); State v. Judge, 100 Wn.2d 706, 713, 675 P.2d 219 (1984); Plumbers & Steamfitters, Local 598 v. WPPSS, 44 Wn. App. 906, 919, 724 P.2d 1030 (1986), review denied, 107 Wn.2d 1021, cert. denied, 107 S.Ct. 2481 (1987); Seventh Elect Church v. Rogers, 34 Wn. App. *812 105, 116-17, 660 P.2d 280, review denied, 99 Wn.2d 1019 (1983).
Stone contends Chelan County arbitrarily singled him out, but he has not shown he was similarly situated with the other jailers. All of the jailers' previous polygraph examinations were reviewed. There is no evidence that any of the other jailers had unsatisfactory results on their exams in the area of drug use. Stone cites to the fact that one other jailer had also admitted to previous use of drugs in his polygraph examination. That jailer admitted to using marijuana while serving in the Vietnam war and stated he had quit a year or more before being hired by the City of Wenatchee. There was no question regarding the candor of the other jailer's responses. Legitimate differences existed between the two jailers; the County did not act arbitrarily.

CONCLUSION
We hold that Chelan County was not precluded under RCW 49.44.120 from requiring Stone to take a polygraph examination and that requirement did not violate his constitutional right to equal protection.
Affirmed.
PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.
NOTES
[1] Wenatchee Detective Sergeant Bruce Smith, who originally gave Stone the polygraph exam, stated in his deposition that the City normally would not have hired Stone except that it needed a jailer who spoke Spanish and Stone was the only applicant who met that requirement.
[2] For example, once a city employee is determined eligible to transfer, he is entitled to "all the rights, benefits, and privileges that he would have been entitled to had he been a member of the county sheriff's office from the beginning ..." RCW 41.14.260(1)(4). Further, if the County does not have a position available, transferring employees are placed at the head of the civil service list and are the first to be reemployed when positions become available. RCW 41.14.260(2).
[3] Stone does not challenge the constitutionality of RCW 49.44.120 itself or the County's civil service regulation requiring applicants to pass a polygraph examination. We do not address those issues.