[No. 18679-9-II.    Division Two.    October 11, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT S.
RUSSELL, *Appellant*.

*Thomas E. Doyle* and *Robert M. Quillian*, for appellant (appointed counsel for appeal).

*Jeremy R. Randolph, Prosecuting Attorney*, for respondent (counsel for appeal only).

BRIDGEWATER, J. — Robert S. Russell appeals his two convictions for unlawful possession of a firearm under former RCW 9.41.040. We hold that the statute was ambiguous and reverse the conviction of one count. We remand for resentencing also on the basis that the consecutive sentence ordered by the court was improperly based upon subsection (2) of RCW 9.94A.400, the correct subsection being (3). We reverse and remand.

A jury convicted Russell of two counts of unlawful possession of a firearm under former RCW 9.41.040(1) on the basis of his felony record and two firearms found in his car. Russell was sentenced to 29 months for each count, with the sentences to run concurrently. The sentencing court also determined, based on RCW 9.94A.400(2), that Russell's sentence must run consecutively to a Thurston County sentence for an offense committed after the unlawful possessions.

## I

█ Former RCW 9.41.040(1) provided that a person is guilty of unlawful possession of a short firearm if he or she has a previous conviction of a crime of violence or a felony involving the use or display of a firearm and "owns or has in his possession *any short firearm* or pistol." (emphasis added).[1] Russell contends that his possession of two firearms was only one offense, because "any short firearm" means "all" or "every" short firearm. The State contends that possession of multiple firearms constitutes multiple offenses because "any short firearm" means the Legislature did not intend to restrict the number of prosecutions possible for possession of multiple firearms on a single occasion. Our Supreme Court has construed the term "any" to mean all-embracing as far as different types, equivalent to the terms "all" or "every." *State ex rel. Evans v. Brotherhood of Friends,* 41 Wn.2d 133, 145, 247 P.2d 787 (1952) (construing the phrase "the legislature shall never authorize any lottery").

In the statute's most current version we find a significant addition. Subsection (7) of the current statute states that "[e]ach firearm unlawfully possessed under this section shall be a separate offense." RCW 9.41.040(7).

█ Two reasons compel reversal of one of the convictions for unlawful possession of a firearm under the for-

---

[1]The Legislature has maintained substantially similar wording in the statute's most current version: "owns, has in his or her possession, *or has in his or her control* any firearm." (emphasis added). RCW 9.41.040(1).

mer statute. One, both interpretations of the former statute are reasonable; and because they cannot be reconciled with each other, the statute is ambiguous. Criminal statutes that are ambiguous are to be strictly construed in favor of the defendant. *State v. Wissing*, 66 Wn. App. 745, 753, 833 P.2d 424, *review denied*, 120 Wn.2d 1017 (1992).

Two, we note that the replacement statute with the new subsection (7) is a material change in the wording of the statute, and that when the Legislature makes a material change to a statute, a change in legislative purpose is presumed. *State v. Bell*, 8 Wn. App. 670, 674, 508 P.2d 1398 (1973), *aff'd*, 83 Wn.2d 383 (1974) (citing *Graffell v. Honeysuckle*, 30 Wn.2d 390, 191 P.2d 858 (1948)). Moreover, criminal statutes are to be strictly construed with doubts as to whether conduct was criminal resolved in favor of the defendant. *Bell*, 8 Wn. App. at 674.

For these reasons we hold that only a single conviction could occur under the old statute. We reverse and order the entry of an order dismissing one conviction. Because of our holding, we need not address whether the two convictions encompassed the same criminal conduct.

## II

Russell contends that the trial court abused its discretion by not exercising its discretion to impose a Lewis County sentence to run concurrently with or consecutively to a Thurston County sentence. The Sentencing Reform Act (SRA) governs when a sentencing court has the authority or discretion to impose a sentence to run concurrently with or consecutively to a prior sentence. RCW 9.94A.400(2)-(3).[2] The State concedes that Russell

---

[2]The pertinent text is as follows:

"(2) Whenever a person while under sentence of felony commits another felony and is sentenced to another term of confinement, the latter term shall not begin until expiration of all prior terms.

(3) Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence of a felony, the sentence shall run concurrently with any felony

was sentenced under the wrong provision of the act, that Russell should have been sentenced under subsection (3), not (2). We agree, because Russell was not under sentence of felony for the Thurston County offense when he committed the Lewis County offense. *See In re Long*, 117 Wn.2d 292, 815 P.2d 257 (1991). We therefore remand the matter for resentencing consistent with RCW 9.94A.400(3).

Reversed and remanded.

HOUGHTON, A.C.J., and MORGAN, J., concur.

---

sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively."