[No. 43117-0-I.   Division One.   August 30, 1999.]

*In the Matter of the Sentence of* LEIGH KINDBERG.

*Christine O. Gregoire, Attorney General,* and *Martin E. Wyckoff, Assistant,* for petitioner.

*Eric J. Nielsen* of *Nielsen, Broman & Associates, P.L.L.C.,* for respondent.

ELLINGTON, J. — Where a defendant is sentenced to serve less than one year in confinement, but must serve that confinement in the custody of the Department of Corrections (DOC) under RCW 9.94A.190(3), the sentencing court may impose community supervision rather than community

placement for a sentence of less than a year. Accordingly, we affirm the trial court.

## Background and Relevant Statutes

Leigh Kindberg was convicted in King County Superior Court of one count of Violation of Uniform Controlled Substances Act (VUCSA)—possession of methamphetamine. The trial court imposed a standard range sentence of four months. Because the sentence was for one year or less, the court was permitted to, and did, sentence Kindberg to 12 months of community supervision pursuant to RCW 9.94A-.383. That statute provides: "On all sentences of confinement for one year or less, the court may impose up to one year of community supervision. An offender shall be on community supervision as of the date of sentencing." RCW 9.94A.383.[1]

The King County Superior Court ordered the sentence to run concurrently with the one year and one day sentence imposed two months earlier by the Clallam County Superior Court on convictions of forgery and bail jumping. Because Kindberg was sentenced in King County for a felony to a term of not more than one year, and because she was committed to a state facility on the Clallam County felony convictions, she was required, pursuant to RCW 9.94A.-190(3), to serve all terms of confinement in the custody of DOC. That statute provides:

> A person who is sentenced for a felony to a term of not more than one year, and who is committed or returned to incarceration in a state facility on another felony conviction, . . . shall serve all terms of confinement, including a sentence of not more than one year, in a facility or institution operated, or utilized under contract, by the state, consistent with the provisions of RCW 9.94A.400.

RCW 9.94A.190(3).

---

[1]We note that where, as here, an offender is serving concurrent sentences, the term of community supervision is tolled while the offender remains confined on the other sentence. RCW 9.94A.170(3); *see also State v. Cameron*, 71 Wn. App. 653, 657, 861 P.2d 1069 (1993).

By letter dated June 2, 1998, the DOC requested that the trial judge modify the King County judgment and sentence to impose a term of community placement following confinement, rather than community supervision. The DOC's request was based on RCW 9.94A.120(9)(a), which provides:

> When a court sentences a person to a term of total confinement to the custody of the department of corrections for . . . any felony offense under chapter 69.50 or 69.52 RCW . . . , committed on or after July 1, 1988, the court shall in addition to the other terms of the sentence, sentence the offender to a one-year term of community placement beginning either upon completion of the term of confinement or at such time as the offender is transferred to community custody in lieu of earned early release[.]

The trial judge replied by letter dated June 10, 1998, declining to change the sentence on the ground that community placement is appropriate only for certain crimes and sentences in excess of one year.

The DOC filed a post-sentence petition in this court pursuant to RCW 9.94A.210(7), which allows the DOC to petition for review of a sentence committing an offender to the custody or jurisdiction of the DOC. The statute limits review to errors of law. Counsel was appointed to represent Kindberg and filed a reply to the DOC's post-sentence petition.

## Discussion

■ When interpreting a statute, our primary objective is to carry out the intent of the legislature. *State v. Rivas*, 126 Wn.2d 443, 451, 896 P.2d 57 (1995). In ascertaining legislative intent, we look first to the language of the statute. *Id.* Where the legislative intent is not apparent from the statutory language, it is appropriate to look to the legislative history. *King v. Riveland*, 125 Wn.2d 500, 510, 886 P.2d 160 (1994).

Examination of the language of the two statutes does not

resolve the question presented. The DOC argues that because Kindberg was required under RCW 9.94A.190(3) to serve all her terms of confinement in the custody of the DOC, and because her King County sentence was for a drug offense, the court was required to impose a one-year term of community placement under RCW 9.94A.120(9)(a). Kindberg argues that community supervision on her four-month King County sentence was authorized by RCW 9.94A.383, and that RCW 9.94A.120(9)(a) does not apply because she was sentenced by King County to the custody of the DOC not because of the King County drug offense, but rather because the requirement of RCW 9.94A.190(3) was triggered by the concurrent Clallam County DOC sentence. Both interpretations of the relevant statutes are reasonable.

RCW 9.94A.120(9)(a) reads in part, "When a court sentences a person to a term of total confinement to the custody of the department of corrections for . . . any felony offense under chapter 69.50 or 69.52 RCW [drug offenses] . . . ." Under the DOC's interpretation, the focus is on whether Kindberg's sentence on her VUCSA conviction included a provision sentencing her to a term of total confinement in the custody of the DOC, which it did. Under Kindberg's interpretation, the focus is on whether the provision sentencing her to total confinement was included because she was sentenced for a felony drug offense, which it was not, at least not directly. Kindberg was not sentenced to the custody of the DOC *for a felony offense under chapter 69.50 RCW*. Rather, she was sentenced to the custody of the DOC because of the requirements of RCW 9.94A.190(3), applicable to situations such as hers where she is sentenced for a felony to a term of not more than a year, but is committed to incarceration in the custody of the DOC on another felony conviction.

■ These interpretations, although both reasonable, cannot be reconciled. Thus the statutes, when read together and applied to the present situation, are ambiguous. *See State v. Russell*, 84 Wn. App. 1, 4, 925 P.2d 633 (1996).

Ambiguities must be resolved in accordance with the intent of the Legislature. *State v. Landon*, 69 Wn. App. 83, 97, 848 P.2d 724 (1993). Because the intent is not evident from the statutory language, we turn to legislative history.

■ An examination of the legislative history of RCW 9.94A.120(9) leads to the conclusion that Kindberg's interpretation is more consistent with legislative intent. The history shows that the Legislature enacted the mandatory community placement provision in order to impose some form of community monitoring on certain offenders the Legislature felt posed a potential danger to the public safety once released.[2] Those offenders are persons sentenced to prison because of conviction for a sex offense, a serious violent offense, an assault in the second degree, a crime against a person in which a deadly weapon was used, or felony drug offenses. This supports the conclusion that in determining whether the mandatory term of community placement must be imposed, the focus should be on whether the offender falls within any of the foregoing groups. Under such an approach, a person such as Kindberg, who was not sentenced to a term of total confinement in the custody of the DOC because she fell within one of these groups, but rather because she fell under the terms of RCW 9.94A.190(3), should not be subject to the mandatory one-year term of community placement.

We find further support for our conclusion in *State v. Cameron*, 71 Wn. App. 653, 861 P.2d 1069 (1993). In that

---

[2]Specifically, the history states:

The Department of Corrections (DOC) has identified several groups of offenders that may pose a potential danger to the public safety upon release, unless some form of community monitoring is provided. The identified groups are persons convicted of a sex offense, a serious violent offense, an assault in the second degree, a crime against a person in which a deadly weapon was used, and certain drug offenses.

The Sentencing Reform Act (SRA), which went into effect on July 1, 1984, does not require or permit any community monitoring of [a] person convicted of the above-mentioned crimes if the crime was committed after that effective date.

S.B. REP., ESHB 1424, 50th Leg., Reg. Sess. (1988); H.B. REP., ESHB 1424, 50th Leg., Reg. Sess. (1988).

case, the trial court sentenced Cameron to concurrent, standard range terms of 14 months for second degree burglary and 4 months for taking a motor vehicle without permission (TMVWOP). Cameron was also sentenced to 12 months of community supervision on the TMVWOP conviction. On appeal, Cameron argued that under RCW 9.94A.383, community supervision may be imposed only on sentences where the total term of confinement on concurrent sentences is 12 months or less. So, he argued, because his total confinement was 14 months, he could not be sentenced to community supervision. The State argued that the term "sentence" as used in the statute means only the sentence for the charge on which community supervision was separately imposed, regardless of the fact that the TMVWOP sentence was served concurrently with the longer sentence on the burglary charge. This court agreed with the State.

Noting that the statutes must be construed to effectuate their purpose, *see State v. Wilbur*, 110 Wn.2d 16, 18, 749 P.2d 1295 (1988), the court in *Cameron* determined that the purpose of RCW 9.94A.383 is to make it clear that trial courts have greater discretion in imposing sentences of a year or less. The court stated, "Cameron has offered no reason, nor do we perceive any, why it is logical or effectuates the purpose of a community supervision term to make it dependent on whether the defendant happens to be sentenced at the same time to a longer sentence on a completely different crime." *Cameron*, 71 Wn. App. at 655-56. The court noted that the judgment and sentence clearly delineated the crimes as separate counts and expressly imposed community supervision only on the TMVWOP conviction. Thus, the court concluded, the term "sentence" referred to the four-month sentence on the TMVWOP count because that was the only sentence on which the court imposed the term of community supervision. *Id.* at 656.

Here, not only were the counts completely separate, but they also were contained in different judgments and sen-

tences, imposed by different courts. The "sentence" as that term is used in RCW 9.94A.383 clearly refers to the four-month sentence imposed in King County on the VUCSA offense. The trial court had discretion to sentence Kindberg to community supervision for that offense. Applying the court's reasoning in *Cameron*, the grant of discretion to impose community supervision, found in clear language in RCW 9.94A.383, was not withdrawn because the defendant happens to be also serving a sentence of over one year on a completely unrelated charge.

■ Finally, we note that where two criminal statutes, when read together, are susceptible to more than one reasonable, but irreconcilable, interpretation, the rule of lenity applies. Under that rule, we must strictly construe the statutes in favor of the defendant. *In re Personal Restraint of Sietz*, 124 Wn.2d 645, 652, 880 P.2d 34 (1994); *Russell*, 84 Wn. App. at 4. Our construction is consistent with the rule. Absent a stipulation by the offender, only the court can punish violations of community supervision, RCW 9.94A.200(3), whereas the DOC can punish certain violations of community placement administratively. *See* RCW 9.94A.205.

Applying the applicable rules of statutory construction, we affirm the trial court.

GROSSE and COX, JJ., concur.