[No. 43422-5-I.   Division One.   November 1, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. MAURICE CLARENCE ACREY, *Appellant*.

*Christopher Gibson* of *Nielsen Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Ann M. Foerschler, Deputy*, for respondent.

KENNEDY, C.J. — Maurice Acrey appeals his sentence, contending that the trial court imposed a sentence greater than the statutory maximum. If Acrey earns no early release, RCW 9.94A.170(3) requires his RCW 9.94A-.120(9)(a) mandatory 12-month community placement term to be tolled while he is serving the remainder of his sentence for a separate conviction. Contrary to Acrey's argument, the period that the term is tolled does not constitute an extension of his sentence. Accordingly, we affirm.

## FACTS

A jury concluded that Maurice Acrey was guilty of two counts of third degree assault, and one count of possession

of cocaine based on events occurring on April 16, 1996. Although the trial court did not impose an exceptional sentence, it sentenced Acrey to 68 months for the first assault count, 68 months for the second assault count, and 50 months for the possession count, to be served concurrently. It also imposed "a one-year term of community placement" for the possession of cocaine offense. Clerk's Papers at 155. Acrey appealed his convictions and his sentence to this court.

In February 1998, this court affirmed Acrey's convictions and remanded for resentencing because the 68-month sentence that the trial court imposed for each of his third degree assault convictions exceeded the statutory maximum. *State v. Acrey*, No. 39627-7-I, 1998 WL 54334 (Wash. Ct. App. Feb. 9, 1998) (per curiam).[1] In that opinion, we explained that Acrey must be resentenced because "[t]hird degree assault is a class C felony punishable by a maximum term of 60 months." *Id.* at *5 (citing RCW 9A.20.021(1)(c)).

On July 21, 1998, the trial court resentenced Acrey. Based on his offender score of 10, the trial court calculated his standard-range sentences to be 51 to 60 months for each assault count, and 43 to 57 months for the possession count. It then imposed 60 months for the first assault count, 55 months for the second assault count, and 43 months for the possession count. The court also imposed "a one-year term of community placement" for the possession of cocaine offense. Clerk's Papers at 220. Although Acrey does not challenge the trial court's standard-range sentence calculations, he nonetheless appeals this sentence.

## DISCUSSION

"A sentence within the standard range for the offense

---

[1]"An unpublished Court of Appeals' decision may not be cited as precedential authority on a point of law. RAP 10.4(h). But an unpublished opinion may be used as evidence of the facts established in earlier proceedings in the same case or in a different case involving the same parties." *In re Personal Restraint of Davis*, 95 Wn. App. 917, 920 n.2, 977 P.2d 630 (1999), *review granted on other grounds*, No. 68053-1 (Wash., Sept. 28, 1999).

shall not be appealed." RCW 9.94A.210(1); *see also State v. Mail*, 121 Wn.2d 707, 710, 854 P.2d 1042 (1993). But a criminal defendant may appeal an illegal or erroneous sentence. *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999).

■ The Uniform Controlled Substances Act prohibits the possession of cocaine. *See* RCW 69.50.101(d), .206(5), .401(d). Upon conviction of possession of cocaine, a person "may be imprisoned for not more than five years[,]" RCW 69.50.401(d), and must serve a one-year term of community placement after he or she is released from confinement:

> When a court sentences a person to a term of total confinement to the custody of the department of corrections for . . . any felony offense under chapter 69.50 . . . RCW . . . committed on or after July 1, 1988 but before July 25, 1999, the court shall in addition to the other terms of the sentence, sentence the offender to a one-year term of community placement beginning either upon completion of the term of confinement or at such time as the offender is transferred to community custody in lieu of earned early release[.]

RCW 9.94A.120(9)(a); *see also* RCW 9.94A.030(35). In this context, "community placement" means the period during which the offender is subject to postrelease supervision. RCW 9.94A.030(5); *see also* RCW 9.94A.030(4). "Any period of community custody shall be tolled during any period of time the offender is in confinement for any reason." RCW 9.94A.170(3); *see also State v. Cameron*, 71 Wn. App. 653, 657, 861 P.2d 1069 (1993) (holding that the period of community supervision is tolled while the offender remains confined on another sentence that is being served concurrently). But "[a]s long as the confinement and the community placement do not exceed the statutory maximum sentence, there is no error." *In re Personal Restraint of Caudle*, 71 Wn. App. 679, 680, 863 P.2d 570 (1993).

In this case, Acrey's 43-month possession of cocaine sentence plus his 12-month community placement term for that offense do not exceed the 60-month statutory maximum term. Likewise, his 55- and 60-month respective sen-

tences for his two third degree assault convictions do not exceed the maximum punishment for those offenses, i.e., five years in confinement. RCW 9A.20.021(1)(c); RCW 9A.36.031. Thus, Acrey's sentences are not erroneous. *See Caudle*, 71 Wn. App. at 680.

If Acrey earns no early release, RCW 9.94A.170(3) *requires* his RCW 9.94A.120(9)(a) *mandatory* 12-month community placement term to be tolled while he is serving the remaining 17 months on his 60-month assault conviction, i.e., after he completes his 43-month possession sentence. Acrey therefore contends that his 43-month possession of cocaine sentence plus his 12-month community placement term, which is tolled until after he serves the remainder of his assault sentence, equals a 72-month sentence that exceeds the 60-month statutory maximum term for possession of cocaine.

As an initial matter, the word "toll" means "[t]o suspend or stop temporarily[.]" BLACK'S LAW DICTIONARY 1034 (6th ed. 1990). Thus, the 17-month period between the end of Acrey's 43-month sentence and the beginning of his 12-month community placement term does not constitute an extension of his possession of cocaine sentence. Moreover, under Acrey's reasoning, the sentencing court would be obligated to shorten both of his standard-range confinement terms on his assault convictions simply because he is serving concurrent sentences for multiple crimes that are longer than his possession sentence. We perceive no reason why it is logical or effectuates the purposes of RCW 9.94A-.170(3) or RCW 9.94A.120(9)(a) to require a sentencing court to reduce a criminal defendant's sentences if "the defendant happens to be sentenced at the same time to a longer sentence on a completely different crime." *Cameron*, 71 Wn. App. at 655-56. We therefore reject Acrey's argument.

Accordingly, we affirm his sentence.

WEBSTER and BECKER, JJ., concur.