[No. 7494–0–II. Division Two. May 20, 1986.]

WILLIAM ALFRED LOWERY, *Petitioner*, v. LESLIE S.
NELSON, ET AL, *Respondents.*

*James E. Warme* and *Calbom, Pond, Falkenstein, Warme & Engstrom,* for petitioner.

*Craig W. Weston* and *Walstead, Mertsching, Husemoen, Donaldson & Barlow,* for respondents.

PETRICH, J.—William Lowery appeals from the Superior Court's reversal of a district court judgment that held that the Cowlitz County Sheriff's seizure and forfeiture of his vehicle under RCW 69.50.505 was unconstitutional and was not a defense to a claim of conversion. The Superior Court reversed, and awarded attorney's fees to Cowlitz County Sheriff Leslie Nelson. Lowery renews his challenge to the constitutionality of the vehicle forfeiture statute and claims that the award of fees was improper. We affirm the Superior Court.

In July 1982, Lowery sold a "baggie" of marijuana to an undercover sheriff's deputy. The sale took place in Lowery's 1973 Chevrolet Blazer. He was arrested in October and the vehicle was seized pursuant to the provisions of RCW 69.50.505. Lowery was personally served with the Notice of Seizure and Intended Forfeiture. Sheriff Nelson designated Gary Lee, Chief Criminal Deputy Sheriff, to conduct a forfeiture hearing under RCW 69.50.505(e). A hearing was held in November, at which Lowery appeared and testified, and an order of forfeiture was entered.

Lowery then brought an action for conversion against Nelson and Steve Brewer, his deputy, in Cowlitz County

District Court. After a trial on stipulated facts, the District Court ruled that RCW 69.50.505 was unconstitutional and therefore was not a defense to conversion. The court awarded damages to Lowery for the conversion. Nelson appealed the judgment to Cowlitz County Superior Court, which reversed the conclusion that RCW 69.50.505 was unconstitutional, dismissed the judgment for damages, and awarded attorney's fees to Nelson. Lowery appeals from the superior court judgment.[1]

A superior court decision entered upon the review of a decision of the district court is not appealable. RAP 2.2(c).[2] We have therefore treated the notice of appeal as a motion for discretionary review. Because this matter raises significant questions of law under the Constitution of the United States and involves issues of public interest that should be decided by this court, we grant discretionary review. RAP 2.3(d)(2), (3).

 Lowery first contends that because the seizure of his Blazer occurred without a search warrant, it was unconstitutional. He asserts that a warrant is required under the fourth amendment to the United States Constitution for any seizure unless a recognized exception applies, such as exigent circumstances or plain view. He claims that no such exception applies, and that the entire forfeiture statute, RCW 69.50.505, is unconstitutional because RCW 69.50-.505(b)(4) authorizes warrantless seizures.[3] Statutes are

---

[1]Lowery does not challenge the Superior Court's dismissal of his claim against Brewer and his community because of the insufficiency of evidence.

[2]Superior court review was undertaken pursuant to the Rules for Appeal of Decisions of Courts of Limited Jurisdiction which were effective January 1, 1981, and such review was not a trial de novo.

[3]RCW 69.50.505(b) provides:
"Property subject to forfeiture under this chapter may be seized by any board inspector or law enforcement officer of this state upon process issued by any superior court having jurisdiction over the property. *Seizure without process may be made if*:
". . .
"(4) The board inspector or law enforcement officer has probable cause to

750

presumed constitutional and the challenging party has the burden of demonstrating the invalidity of the statute beyond a reasonable doubt. *Hontz v. State,* 105 Wn.2d 302, 306, 714 P.2d 1176 (1986). Washington courts have not decided whether a warrant is required for the forfeiture of a vehicle. In interpreting a similar federal forfeiture statute that allows warrantless seizures, 21 U.S.C. § 881(b)(4),[4] most courts have concluded that the Fourth Amendment does not require a warrant in forfeiture seizures. *United States v. One 1978 Mercedes Benz, Four–Door Sedan,* 711 F.2d 1297 (5th Cir. 1983); *United States v. Kemp,* 690 F.2d 397 (4th Cir. 1982); *United States v. One 1977 Lincoln Mark V Coupe,* 643 F.2d 154 (3d Cir.), *cert. denied,* 454 U.S. 818, 70 L. Ed. 2d 88, 102 S. Ct. 97 (1981). *But see United States v. Pappas,* 613 F.2d 324 (1st Cir. 1979) (en banc); 2 W. LaFave, *Search and Seizure* § 7.3(b) (1978). These courts have concluded that government's right to seize and forfeit a vehicle vests at the time of the illegal conduct. That right may be executed later by physical seizure of the vehicle, so no warrant is required to perfect the forfeiture. The same reasoning applies to the Washington forfeiture statute. The statute does not offend the proscriptions of the Fourth Amendment.[5]

■ Lowery further asserts that because the vehicle was illegally seized, it may not be forfeited. He relies on *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 14 L.

believe that the property was used or is intended to be used in violation of this chapter." (Italics ours.)

[4]21 U.S.C. § 881(b) then provided:
"Any property subject to forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued . . . by any district court of the United States having jurisdiction over the property, *except that seizure without such process may be made when—*
"(4) the Attorney General has probable cause to believe that the property has been used or is intended to be used in violation of this subchapter." (Italics ours.) (Subsequently amended in 1984.)

[5]Lowery did not argue any state constitutional theories.

Ed. 2d 170, 85 S. Ct. 1246 (1965) for the proposition that the exclusionary rule applies to forfeiture proceedings. However, subsequent decisions have concluded that while the illegally seized vehicle may not be used as evidence or as the basis for jurisdiction in the forfeiture proceedings, the vehicle may still be forfeited if there is sufficient untainted evidence to support probable cause. *United States v. One 1978 Mercedes Benz, Four–Door Sedan, supra; United States v. Eighty–Eight Thousand, Five Hundred Dollars*, 671 F.2d 293 (8th Cir. 1982); *United States v. One 1975 Pontiac Lemans*, 621 F.2d 444 (1st Cir. 1980). We adopt the same rule and conclude that even if the seizure had been illegal, there was sufficient untainted evidence to support the forfeiture.

Finally, Lowery contends that the forfeiture procedure under RCW 69.50.505(e) violates due process and separation of powers because the forfeiture hearing is conducted by a law enforcement official, not by a judicial official. The statute provides that:

> The hearing shall be before the chief law enforcement officer of the seizing agency or the chief law enforcement officer's designee, . . . except that any person asserting a claim or right may remove the matter to a court of competent jurisdiction if the aggregate value of the article or articles involved is more than five hundred dollars. A hearing before the seizing agency and any appeal therefrom shall be under Title 34 RCW [the RCW title on administrative law].

█ We conclude that the provision for removing the hearing to a court of competent jurisdiction satisfies any separation of powers concern and that the avenue of appeal through the administrative procedure act (APA) satisfies the due process concern. Lowery claims that those provisions are improper because the hearing was illegally conducted by the sheriff, and that requiring him to correct this illegal conduct by removal or appeal is an impermissible burden. He argues that the statute requires the sheriff to conduct the hearing and only then, if he is dissatisfied with

the result, can he remove the matter to superior court. Such is not the case. He could have removed the hearing to superior court rather than have the police conduct the hearing. He also could have sought judicial review under provisions of the Washington administrative procedure act. RCW 34.04. Lowery did not employ either of those options. The forfeiture statute has been held constitutional on its face. *Crape v. Mount,* 32 Wn. App. 567, 573–74, 648 P.2d 481, *review denied,* 98 Wn.2d 1008 (1982). Unconstitutionality of a statute must be shown beyond a reasonable doubt. *Hontz v. State, supra.* Lowery does not demonstrate beyond a reasonable doubt that the procedure denied him due process or violated separation of powers. We affirm the Superior Court's holding that RCW 69.50.505 is constitutional.

Sheriff Nelson was awarded attorney's fees under RCW 4.84.270 by the Superior Court. Lowery claims that this was improper because fees may only be awarded to prevailing parties who recover more than their offer of settlement, and that Nelson never made an offer of settlement. RCW 4.84-.270 provides:

> The defendant . . . shall be deemed the prevailing party within the meaning of RCW 4.84.250 [allowing attorney's fees], if the plaintiff . . . recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant . . .

Lowery's contention that an offer of settlement must be made is ill founded. A plain reading of the statute convinces us that a defendant is a prevailing party *either* if the plaintiff recovers nothing *or* if the plaintiff's recovery does not exceed the offer of settlement. The effect of the Superior Court decision was to award Lowery, the plaintiff, nothing. Attorney's fees allowed by statute may be recovered on appeal from judgments from courts of limited jurisdiction. RALJ 11.2. The award of attorney's fees was proper.

Affirmed. Attorney's fees in the amount of $2,000 are awarded to Nelson on this appeal.

REED, A.C.J., and ALEXANDER, J., concur.

Review denied by Supreme Court September 2, 1986.