[No. 25417-1-I.   Division One.   November 25, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES M. McFADDEN, *Appellant*.

*Colleen O'Connor* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Mark Stockdale, Deputy,* for respondent.

FORREST, J. — James McFadden appeals his conviction of two counts of possession of a controlled substance with intent to deliver. McFadden argues that the trial court erred in allowing admission of evidence seized during a search of his van, and in allowing rebuttal testimony regarding his involvement in a drug transaction which was subsequent to the transaction in issue. McFadden further asserts that the failure of the information and the jury instructions to earmark which facts applied to which of two identical counts denied him his constitutional right to a unanimous jury verdict and subjected him to double jeopardy.

On April 1, 1988, McFadden entered an apartment that was under surveillance by police detectives. A police informant and the apartment's resident were waiting inside for a person from whom they planned to buy cocaine. The detectives had a search warrant for the apartment.

After a few moments, the informant activated his police transmitter and the police detectives entered the apartment. They saw McFadden standing over the toilet dumping the contents of a plastic bag into the toilet. The bag was retrieved and found to contain 5.5 grams of cocaine.

The police detectives proceeded to search the van in which McFadden arrived at the scene. The detectives testified that they decided to seize the vehicle based on the fact that it was used to facilitate a drug transaction. They performed a cursory inventory search of the van, during which 83.9 grams of cocaine were found in an unlocked toolbox, along with other drug paraphernalia.

McFadden testified at trial that he was in possession of the cocaine in the apartment, which he intended to buy. However, he asserted that he was not dealing cocaine, had never dealt cocaine, and that the cocaine in the van had been put there without his knowledge. On rebuttal, the prosecution called a police detective to testify that on July 12, 1989, he had seen a police informant purchase cocaine from McFadden in a tavern.

This appeal presents three issues:

1. Was the inventory search of appellant's van following seizure pursuant to the forfeiture statute proper?

2. Was the admission of rebuttal evidence of appellant's participation in a subsequent cocaine transaction in error?

3. Was appellant denied his constitutional right to a unanimous jury verdict or placed in double jeopardy due to the information and the jury instruction's failure to make factual distinctions between identical counts?

## SEARCH AND SEIZURE ISSUE

■ McFadden argues that the admission into evidence of the drugs found in the search following the warrantless seizure of his motor vehicle pursuant to the state forfeiture statute[1] violated both the fourth amendment to the United States Constitution and article 1, section 7 of our constitution. McFadden's Fourth Amendment argument is without merit. *United States v. Spetz*,[2] on which he relies, has been

---

[1] Former RCW 69.50.505 provides in part:

"(a) The following are subject to seizure and forfeiture:

"(1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this chapter;

". . . .

"(4) All conveyances, including . . . vehicles . . . which are used, or intended for use, in any manner to facilitate the sale of property described in paragraphs (1) or (2), but:

". . . .

"(b) . . . Seizure without process may be made if:

". . . .

"(4) The board inspector or law enforcement officer has probable cause to believe that the property was used or is intended to be used in violation of this chapter."

[2] 721 F.2d 1457 (9th Cir. 1983).

explicitly overruled by the Ninth Circuit in *United States v. Bagley*,[3] which held that probable cause to believe that a motor vehicle was used in transporting contraband justifies a warrantless search and seizure of a parked automobile. This court recently followed *Bagley* in holding that a similar warrantless seizure of a parked automobile by federal officers pursuant to the federal statute was proper under federal law.[4] None of the Washington cases considering the Washington statute have found it to violate the Fourth Amendment.[5]

In his opening brief McFadden failed to assert a compelling reason to undertake an independent state constitutional analysis, such as the considerations set forth in *State v. Gunwall*.[6] Normally, this would be an adequate reason for us to decline to address the issue.[7] However, in *State v. Gwinner*[8] this court suggested that the state constitution might require a different result on the search issue.[9]

---

[3]772 F.2d 482 (9th Cir. 1985).

[4]*State v. Gwinner*, 59 Wn. App. 119, 796 P.2d 728 (1990), *review denied*, 117 Wn.2d 1004 (1991).

[5]*See Rozner v. Bellevue*, 116 Wn.2d 342, 804 P.2d 24 (1991); *State v. Gwinner*, 59 Wn. App. 119, 796 P.2d 728 (1990), *review denied*, 117 Wn.2d 1004 (1991); *Lowery v. Nelson*, 43 Wn. App. 747, 719 P.2d 594, *review denied*, 106 Wn.2d 1013 (1986), *appeal dismissed*, 479 U.S. 1024 (1987); *Crape v. Mount*, 32 Wn. App. 567, 648 P.2d 481, *review denied*, 98 Wn.2d 1008 (1982).

[6]106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986).

[7]*See*, for example, *Rozner*, 116 Wn.2d at 352, where our Supreme Court stated: "plaintiff fails to provide any specific discussion of the six *Gunwall* factors relied on by this court to determine whether the state constitution should be construed to grant broader rights than the federal constitution. In the past, the failure to present such a briefing has led this court to decline consideration of the issue."

[8]59 Wn. App. 119, 796 P.2d 728 (1990), *review denied*, 117 Wn.2d 1004 (1991).

[9]"When we look to the requirements of our state constitution, however, we would probably reach a different result. In *State v. Patterson*, 112 Wn.2d 731, 774 P.2d 10 (1989), the court held that in order to search a parked, immobile, unoccupied, secured vehicle absent a warrant, exigent circumstances other than the potential mobility of the automobile must exist." *Gwinner*, at 123-24.

Searches and seizures of motor vehicles used in drug transactions are an everyday occurrence and it is important that the law provide clear guidelines to law enforcement. Accordingly, after receiving additional briefing from both parties on the state constitutional issue, we now address McFadden's contention.

■ It is settled law that the Washington Constitution, article 1, section 7, provides greater protection than does the Fourth Amendment.[10] The issue here is whether it provides greater protection on these facts. In view of the Washington cases on this issue we follow *State v. Boland*[11] and find it necessary to examine only two of the factors set forth in *State v. Gunwall*;[12] the fourth factor, preexisting state law, and the sixth factor, a matter of particular state interest or local concern.

■ Regarding preexisting state law, in *State v. Patterson, supra*, our Supreme Court quoted with approval the following language of the Oregon Supreme Court:

> We nevertheless hold that any search of an automobile that was parked, immobile and unoccupied at the time the police first encountered it in connection with the investigation of a crime must be authorized by a warrant issued by a magistrate or, alternatively, the prosecution must demonstrate that exigent circumstances other than the potential mobility of the automobile exist.

*State v. Patterson*, 112 Wn.2d 731, 734, 774 P.2d 10 (1989) (quoting *State v. Kock*, 302 Or. 29, 33, 725 P.2d 1285 (1986)). The Supreme Court summarized the theme underlying warrantless automobile searches in Washington as a balancing

---

[10]*State v. Boland*, 115 Wn.2d 571, 800 P.2d 1112 (1990); *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986).

[11]115 Wn.2d 571, 800 P.2d 1112 (1990).

[12]"Since *Gunwall* involved comparing the same constitutional provisions as those to be examined here, we adopt its analysis of the first, second, third and fifth factors and examine only the fourth and sixth factors as they apply to this particular case." *State v. Boland, supra* at 576. The *Gunwall* factors are: (1) the textual language; (2) differences in the texts; (3) constitutional history; (4) preexisting state law; (5) structural differences; and (6) matters of particular state or local concern. *Gunwall*, at 58.

of the societal need for a search without a warrant against the privacy interests protected by article 1, section 7 of our constitution. *Patterson*, at 734. This holding and language in conjunction with the *Gwinner* court's interpretation thereof strongly supports, if it does not mandate, an independent state analysis of the issue McFadden presents.

■ In the absence of the foregoing, we would not find that the sixth *Gunwall* factor, particular state interest or local concern, was satisfied. Adoption by the Washington State Legislature of a uniform narcotics control statute substantially identical to the federal legislation is a clear statement that the matter is not one of special local concern but one as to which national and uniform policies are desirable.

Turning to the merits, McFadden asserts that under Washington law a warrant is required to search a parked automobile unless one of three exceptions apply: (1) lawful impoundment of the vehicle;[13] (2) exigent circumstances exist;[14] or (3) the search is incident to arrest.[15] At the suppression hearing the State did not attempt to justify the search or seizure of the van on any of these bases.[16]

---

[13]Impoundment is lawful if (1) the officer has probable cause to believe that the vehicle is stolen or has been used in the commission of a felony such that it is needed for evidence, (2) removal is necessary and there are no friends or family of the arrestee available to move the vehicle, (3) the arrestee has been arrested for a traffic offense which provides for impoundment. *State v. Williams*, 102 Wn.2d 733, 742-43, 689 P.2d 1065 (1984).

[14]For example, exigent circumstances have been held to exist when the search is in close proximity to the crime committed and there is a chance that the unapprehended suspect will flee. *State v. Patterson*, 112 Wn.2d 731, 774 P.2d 10 (1989).

[15]*State v. Stroud*, 106 Wn.2d 144, 720 P.2d 436 (1986).

[16]In its supplemental brief the State contends that McFadden's van *could* have been lawfully impounded because the officers had probable cause to believe the van was used in the commission of a felony. This contention is without merit. Such an exception to the warrant requirement exists only insofar as the vehicle is or contains *evidence* of the crime. *Williams*, at 742-43. It is clear from the record that the officers had no basis for believing that the van or its contents had any evidentiary value.

Moreover, McFadden is correct in asserting that the search and seizure of his van pursuant to RCW 69.50.505(b)(4) does not fall within any of these exceptions.

McFadden does not argue that the seizure of the van was unconstitutional and we express no opinion thereon. Rather, he addresses his state constitutional argument solely to the search following the seizure. While this is not an impound case, we think that the law as to an inventory search following a lawful impound provides guidance. Inventories following lawful impound are justified.[17] The reasons which justify an inventory search following impoundment are even more compelling when the search follows a seizure pursuant to RCW 69.50.505. In a normal impound situation the expectation is that the owner will reclaim his vehicle. The contrary is the case in seizure of a vehicle used to facilitate drug transactions, where the expectation is that the vehicle will be forfeited. Although the vehicle is to be forfeited, there is no right to forfeit the contents, which must be returned to the owner thereof.[18] Balancing the societal need for the search against the privacy interest provided by the constitution,[19] we find that the search was valid.

Moreover, as stated in *Lowery v. Nelson*,[20] some federal courts have ruled that the "government's right to seize and forfeit a vehicle vests at the time of the illegal conduct."[21]

---

[17]An inventory search is valid if the State demonstrates that impoundment was lawful and the search was not pretextual. *State v. Simpson*, 95 Wn.2d 170, 188-89, 622 P.2d 1199 (1980). In holding that inventory searches are reasonable under the Fourth Amendment, the Supreme Court identified three justifications for such searches: "the protection of the owner's property while it remains in police custody, . . . the protection of the police against claims or disputes over lost or stolen property, . . . and the protection of the police from potential danger . . .". (Citations omitted.) *South Dakota v. Opperman*, 428 U.S. 364, 369, 49 L. Ed. 2d 1000, 96 S. Ct. 3092 (1976).

[18]*See* RCW 69.50.505.

[19]*Patterson*, at 735.

[20]43 Wn. App. 747, 719 P.2d 594, *review denied*, 106 Wn.2d 1013 (1986).

[21]*Nelson*, at 750 (citing *United States v. One 1978 Mercedes Benz, Four-Door Sedan*, 711 F.2d 1297 (5th Cir. 1983); *United States v. Kemp*, 690 F.2d 397 (4th

Under this reasoning no warrant is required to seize and search what can be considered the government's own property.[22]

We hold that a motor vehicle seized pursuant to RCW 69.50.505 on probable cause that it is used to facilitate a drug transaction is subject to a valid inventory search and evidence found in the course of such a search is admissible at trial.

## ER 404 ISSUE

■ McFadden assigns error to the admission of rebuttal testimony regarding his involvement in an unrelated drug transaction with a police informant. The evidence was admitted after an unrecorded side-bar conference. This case illustrates the undesirability of such practice since we do not have the benefit of the arguments made to the court or the court's reasoning in allowing admission of the testimony. It is the obligation of the objecting party to inform the court of the precise grounds for objection. Failure to do so may result in the admission being sustained on appeal.[23] An evidentiary ruling that would be error in face of a proper objection may be upheld in absence of a showing on the record of a specific objection. Thus, side-bar colloquy such as occurred here may risk loss of an appealable error. However, in this case the issue is sufficiently clear that we can review the claimed error even in absence of a proper record.

■ McFadden argues that admission of the testimony regarding the unrelated drug transaction was improper under ER 404(b),[24] in that it was for no other purpose than

---

Cir. 1982); *United States v. One 1977 Lincoln Mark V. Coupe*, 643 F.2d 154 (3d Cir.), *cert. denied*, 454 U.S. 818, 70 L. Ed. 2d 88, 102 S. Ct. 97 (1981)).

[22]However, recent federal cases have not utilized this reasoning. *See United States v. Valdes*, 876 F.2d 1554 (11th Cir. 1989); *United States v. Bagley*, 772 F.2d 482 (9th Cir. 1985).

[23]*State v. Pittman*, 54 Wn. App. 58, 66, 772 P.2d 516 (1989).

[24]ER 404(b) reads:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It

to show bad character. However, because of McFadden's testimony as to his own good character, this is not an ER 404(b) issue but an ER 404(a)(1) issue:

> **(a) Character Evidence Generally.** Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
> (1) *Character of Accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

The cornerstone of his defense was that he was not "the kind of a guy" who deals cocaine. He testified "I hated cocaine . . . I saw what it did to my old neighborhood" and continued to say that he was opposed to the use of cocaine, he never sold cocaine and only used it himself when he had used too much heroin. Under such circumstances the State is entitled to introduce evidence as to acts inconsistent with the defendant's portrayal of himself.[25] The evidence was admissible under ER 404(a)(1) to rebut McFadden's claim to be a non-drug-dealing person. We also find that the court

---

may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[25]"Ordinarily, when courts speak of an accused's putting his character in issue, it is assumed that the means by which he does so is introducing witnesses who testify to his good character in terms of reputation, or, more currently, opinion. *Note should be taken, however, that by relating a personal history supportive of good character, defendant may be opening the door to rebuttal evidence along the same line." State v. Brush*, 32 Wn. App. 445, 450-51, 648 P.2d 897 (1982) (quoting E. Cleary, *McCormick on Evidence* § 191 (2d ed. Supp. 1978)), *review denied*, 98 Wn.2d 1017 (1983).

Orland and Tegland explain the rule as follows:

"Rule 404(a)(1) allows evidence of a pertinent character trait of the accused to be admitted when offered by the accused. Additionally the prosecution may offer character evidence of the accused to rebut such evidence introduced by the accused. The rule embodies traditional doctrine. The defendant does not open the door to rebuttal character evidence simply by taking the stand. To open the door, the defendant, or a witness brought forward by the defendant, must first testify to a trait of character." (Footnotes omitted.) Orland & Tegland, *The Federal Rules of Evidence: Washington Follows the Federal Model*, 15 Gonz. L. Rev. 277, 308 (1980).

properly weighed the prejudicial effect and the probative value of the evidence pursuant to ER 403.

## DUE PROCESS ARGUMENTS

McFadden was found guilty of two counts of possession with intent to deliver; one for the cocaine found in his possession in the apartment and the other for the cocaine found in his van. Neither the information nor the jury instructions distinguish between the two counts; both use identical language. McFadden argues that this denied him his right to a unanimous jury verdict and exposed him to double jeopardy. We disagree.

█ Unquestionably McFadden is constitutionally entitled to a unanimous jury verdict,[26] but the facts fail to show any denial thereof. The cases on which McFadden seeks to rely are inapplicable in that they involve instances where the prosecution introduced evidence of separate acts attempting to prove a single charge.[27] Here, two crimes were charged, there was evidence of two distinct crimes,[28] closing arguments clearly identified which acts corresponded with which charge, and there were two convictions. One acquittal might have raised a possible concern that, in spite of closing arguments, some jurors voted for conviction on one set of acts and other jurors on another set of acts. However, no reasonable juror who doubted McFadden's guilt as to either of those incidents would vote for two convictions.[29]

---

[26]*State v. Camarillo*, 115 Wn.2d 60, 794 P.2d 850 (1990).

[27]For example, *State v. Camarillo*, *supra* (one count of indecent liberties based on conduct which occurred over a 1-year period); *State v. Kitchen*, 110 Wn.2d 403, 756 P.2d 105 (1988) (three cases: one count of statutory rape based on several incidents; one count of indecent liberties based on 5 to 10 separate occasions; one count of indecent liberties based on two occasions); *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984) (one count of indecent liberties and one count of statutory rape based on numerous allegations of sexual contact).

[28]Possession with intent to deliver was charged in regard to: (1) the transactions in the apartment, and (2) the drugs found in the van.

[29]To avoid this risk where two identical crimes are charged on the same date, the "to-convict" instruction should identify the facts on which each is based by a

■ McFadden argues that he potentially received multiple punishments for the same offense. The same offense means that the offenses are identical in both law and fact.[30] McFadden asserts that because the jury instructions were identical as to each count, it is possible that the jury unanimously found appellant guilty as to either the cocaine in the bathroom or the cocaine in the van but not *both*, and still rendered guilty verdicts on both counts. Thus, he was subjected to double jeopardy. There is simply no basis to assume such bizarre conduct by the jury and failure to follow the court's instruction that each count should be considered separately. Here the two offenses are not the same factually. They involve different quantities of cocaine and different locations. McFadden's convictions do not represent multiple punishments for the same act, but for different acts. Additionally, there is no double jeopardy issue in that McFadden's sentences on the two counts are to run concurrently.[31]

Affirmed.

SCHOLFIELD and PEKELIS, JJ., concur.

Reconsideration denied January 23, 1992.

Review denied at 119 Wn.2d 1002 (1992).

---

brief reference; for example, count one deals with events taking place in the apartment, count two deals with the cocaine found in the van.

[30]*In re Fletcher*, 113 Wn.2d 42, 46-47, 776 P.2d 114 (1989).

[31]*State v. Kincaid*, 103 Wn.2d 304, 315, 692 P.2d 823 (1985).