[No. 19145-8-II. Division Two. July 25, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. KEVIN HIDEO O'CONNOR, *Appellant*.

*Patricia A. Pethick*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Barbara L. Corey-Boulet, Deputy,* for respondent.

ARMSTRONG, J. — Kevin O'Connor appeals his convictions, by bench trial on stipulated facts, of possession of a controlled substance and possession of a controlled substance with the intent to deliver. He contends that the two crimes merged and that the convictions, following a civil forfeiture proceeding, violated double jeopardy. Holding that the two convictions were for the same offense and constituted double jeopardy, but that O'Connor failed to show the civil forfeiture was so punitive as to equal a criminal proceeding, we affirm the conviction for possession of a controlled substance with the intent to deliver and vacate the conviction for possession of a controlled substance.

## FACTS

In November 1993, O'Connor and his passenger, Julie Blankenship, were stopped by Pierce County Sheriff Deputy Wagner. While talking with O'Connor, the deputy noticed an open blue metal box on the floor near Blankenship's seat. Inside the box, the deputy saw a small plastic bag of white powder, a pink paper bindle, and "what appeared to be [a] glass pipe." Blankenship attempted to cover the box with her purse.

Deputy Wagner searched the box and found a bag of 1.4 grams of methamphetamine. The deputy also searched Blankenship's purse and found several blue plastic bags of the type used to package methamphetamine.

A second officer, Deputy Berger, searched O'Connor and

found two concealed pistols;[1] one bag containing 71 grams of methamphetamine in his left sock; 1.1 grams of methamphetamine in his right front jacket pocket; and $6,095 in his wallet and pants pockets.

The State charged O'Connor with one count of unlawful possession of a controlled substance with intent to deliver and one count of unlawful possession of a controlled substance. RCW 69.50.401(a)(1)(ii), (d). The State sought an enhanced sentence based on the two pistols. RCW 9.94A.125, .370. In addition, the Pierce County Sheriff notified O'Connor of his intention to forfeit the guns and cash under RCW 69.50.505(c).

In January 1994, O'Connor's guns and cash were "deemed forfeited" because he did not make a claim of ownership within 45 days after the seizure under RCW 69.50.505(d). One year later, the trial court found O'Connor guilty of both counts after a bench trial on stipulated facts. The court based the delivery conviction in part on the 71 grams of methamphetamine in O'Connor's left sock. And it based the possession conviction on the 1.1 grams in his jacket pocket and the 1.4 grams in the blue box.

## Merger and Double Jeopardy

■■ O'Connor claims the crimes of possession and possession with intent to deliver merged. Merger is a doctrine of statutory interpretation "used to determine whether the Legislature intended to impose multiple punishments for a single act which violates several statutory provisions." *State v. Michielli* 132 Wn.2d 229, 238, 937 P.2d 587, 592 (1997) (quoting *State v. Vladovic*, 99 Wn.2d 413, 419 n.2, 662 P.2d 853 (1983)). Because O'Connor provided no citations or argument that the Legislature intended a single punishment for the two convictions, we will not review the issue. *State v. Dennison*, 115 Wn.2d 609, 629, 801 P.2d 193 (1990). But O'Connor primarily relies on a double jeopardy case in his argument. We therefore

[1] O'Connor later produced a valid concealed weapons permit.

interpret his assignment of error as a double jeopardy challenge. RAP 1.2(a). Double jeopardy may be argued for the first time on appeal. *State v. Lopez*, 79 Wn. App. 755, 761 n.2, 904 P.2d 1179 (1995).

 Double jeopardy prevents the State from "punishing twice, or attempting a second time to punish criminally, for the same offense." *Kansas v. Hendricks*, 521 U.S. 346 (1997) (quoting *Witte v. United States*, 515 U.S. 389, 396, 115 S. Ct. 2199, 2204, 132 L. Ed. 2d 351 (1995)); *State v. Gocken*, 127 Wn.2d 95, 100, 896 P.2d 1267 (1995) ("[Double jeopardy] protects against multiple punishments for the same offense.") (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 2d 656 (1969)). It applies if the offenses are legally identical and are based on the " 'same act or transaction.' " *Hendricks*, 117 S. Ct. at 2086 (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932)); *Gocken*, 127 Wn.2d at 101 (quoting *Blockburger*, 284 U.S. at 304).

We first determine if the offenses are legally identical. Offenses are *not* identical if "*each offense* contains an element not contained in the other." *Gocken*, 127 Wn.2d at 101 (emphasis added). Possession with intent to deliver contains an element not found in possession: intent to deliver. RCW 69.50.401(a), (d). But possession does not contain an element not found in possession with intent to deliver.[2] Therefore, the offenses are legally identical.

We next determine if the offenses are based on the same act or transaction. The State contends the convictions are based on different acts, asserting that the methamphetamine found in the box and on his person are factually

---

[2]Simple possession of a controlled substance is a lesser included offense of possession with intent to deliver. *State v. Harris*, 14 Wn. App. 414, 418, 542 P.2d 122 (1975); *see State v. Sims*, 119 Wn.2d 138, 142, 829 P.2d 1075 (1992) ("Where one merely possesses a controlled substance without the statutory element of intent, one is guilty of simple possession under RCW 69.50.401(d), absent unwitting possession."); *State v. Robbins*, 68 Wn. App. 873, 877, 846 P.2d 585 (1993) (holding that trial court may arrest judgment on conviction for possession with intent to deliver and enter judgment of guilt on simple possession).

different because they involved different quantities and locations. O'Connor disagrees and argues that his possession of methamphetamine was a continuous and uninterrupted single act.

The State relies on a case from Division One of this court in which a defendant was convicted of two counts of possession with intent to deliver based on (1) cocaine found on his person during a search of his apartment and (2) cocaine found in his van during a "cursory inventory search." *State v. McFadden*, 63 Wn. App. 441, 443, 820 P.2d 53 (1991). The *McFadden* court concluded the two convictions did not violate double jeopardy because one count was based on the defendant's actual possession in the apartment while the other count was based on his constructive possession of cocaine in his van. *McFadden*, 63 Wn. App. at 451-52. Because the two offenses "involve[d] different quantities of cocaine and different locations," the *McFadden* court held that the convictions "represent[ed] multiple punishments . . . for different acts." *McFadden*, 63 Wn. App. at 452.

O'Connor relies on a case from Division Three of this court, which held that a defendant's two convictions for possession of cocaine with intent to deliver were the same offense for double jeopardy purposes. *State v. Lopez*, 79 Wn. App. 755, 904 P.2d 1179 (1995). In *Lopez*, police converged on the defendant immediately after he received two ounces of cocaine from an undercover detective. The defendant placed the cocaine on the car seat next to him, where it was later found by the police. After the police arrested the defendant, they found 14 bindles of cocaine, totaling 4.7 grams, in his pants pocket. The defendant claimed to have purchased the drugs "earlier."[3] *Lopez*, 79 Wn. App. at 760. The State charged the defendant with two counts of possession with intent to deliver claiming that he acquired the two ounces and 4.7 grams at different

---

[3]It is not clear when he purchased the cocaine. The *Lopez* court stated the defendant had acquired all his cocaine "during a relatively short period of time." *Lopez*, 79 Wn. App. at 763.

times and from different sources, and that he possessed the drugs in different ways.

The Court of Appeals disagreed and concluded the two convictions placed the defendant in double jeopardy. The court warned of two problems with the State's position. First, a defendant could avoid the enhanced penalty for possessing more than two kilograms by dividing a cache of drugs into small units. Second, distinctions based on different locations or times could permit prosecutors to avoid double jeopardy "by the simple expedient of dividing a single crime into a series of temporal or spatial units." *Lopez*, 79 Wn. App. at 762 (quoting *Brown v. Ohio*, 432 U.S. 161, 169, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977)). Thus, the *Lopez* court rejected the claim that the source or manner of possession "should have an effect on the crime of possession." *Lopez*, 79 Wn. App. at 762. Finally, the court distinguished *McFadden* because that case involved drugs found in separate searches. *Lopez*, 79 Wn. App. at 763. The drugs in *Lopez*, on the other hand, were possessed "in a continuous, uninterrupted series of events" and were found during one search. *Lopez*, 79 Wn. App. at 763.

We conclude that the facts here are closer to *Lopez* than *McFadden*. O'Connor's possession of drugs in his sock, his jacket pocket, and in the metal box was one transaction "in a continuous, uninterrupted series of events." O'Connor's possession of the various quantities of methamphetamine all occurred at the same time and was ongoing.[4] Furthermore, the drugs were all equally accessible to O'Connor, either on his person or within arms reach, and were not separated by any substantial distance as in *McFadden*. Finally, we find no compelling reason to believe that O'Connor, given the opportunity, was more likely to deliver the drugs in his sock than the amounts in his pocket or the metal box. The large quantity of drugs found on or near O'Connor demonstrated that he was a dealer; but it does not follow that because he had broken the drugs

---

[4]In this sense, the possession was a continuous offense and not several successive acts, each constituting a separate crime. *Blockburger*, 284 U.S. at 302-03.

into smaller amounts, he possessed the smaller quantities for use, not sale. In fact, Deputy Wagner testified that methamphetamine is commonly sold in one-half gram units. Accordingly, we hold that under a double jeopardy analysis, O'Connor cannot be convicted of both possession and possession with intent to deliver.

We affirm O'Connor's conviction for possession of a controlled substance with intent to deliver, but remand with instructions to vacate the conviction and sentence for possession of a controlled substance.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

BRIDGEWATER, A.C.J., and HUNT, J., concur.