[No. 43900-6-I.   Division One.   May 28, 1999.]

*In the Matter of the Personal Restraint of* BRENT ALLEN DAVIS, *Petitioner.*

*Jeffrey Steinborn,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *William M. Berg, Deputy,* for respondent.

KENNEDY, C.J. — In his personal restraint petition, Brent Allen Davis contends that his two convictions for possession of marijuana with intent to manufacture violate the Double Jeopardy Clauses of the state and federal constitutions under our Supreme Court's decision in *State v. Adel*, 136 Wn.2d 629, 965 P.2d 1072 (1998). But a defendant can be convicted multiple times for possessing marijuana with intent to manufacture if the defendant had multiple grow operations that "are sufficiently differentiated by time, location, or intended purpose." *Rashad v. Burt*, 108 F.3d 677, 681 (6th Cir. 1997), *cert. denied*, 522 U.S. 1075 (1998). Because Davis had two separate and distinct marijuana grow operations at two separate and distinct locations, Davis's two convictions for possession of marijuana with intent to manufacture do not violate double jeopardy. Accordingly, Davis's personal restraint petition is denied.[1]

## STATEMENT OF FACTS

On January 21, 1992, King County Police executed a search warrant on Davis's residence. The police found approximately 90 marijuana plants, and equipment used to grow and cultivate marijuana. They also found documents indicating that Davis was renting two other residences with Redmond and Issaquah addresses. The police then obtained warrants to search the second and third residences.

At the second location, the police found approximately 80 marijuana plants and grow equipment. At the third location, the police found approximately 200 marijuana plants, several pounds of dried marijuana, and more grow equipment. After the State dismissed the charges based on the contraband found at the first location, Davis pleaded guilty to two counts of possession with intent to manufacture.

At sentencing, Davis argued that the two counts should be treated the "same criminal conduct" for sentencing

---

[1]Davis also filed a motion to modify the denial of his motion for release on bond pending resolution of the petition. In light of our decision, the motion is denied.

purposes, because he had the single objective of making money by growing marijuana at the two locations. The sentencing court disagreed and found that Davis was conducting " 'two different marijuana grow operations.' " *State v. Davis*, No. 31813-6-I, slip op. at 4 (Wash. Ct. App. July 18, 1994) (quoting the sentencing court's oral findings).[2] The court then assigned an offender score of three for each count and sentenced Davis to concurrent terms of twelve months.

Davis appealed to this court, arguing that the trial court erred in finding that the two counts were not the "same criminal conduct" for purposes of calculating his offender score. This court affirmed his sentence on July 19, 1994. On October 15, 1998, our Supreme Court decided *State v. Adel*, 136 Wn.2d 629. On December 10, 1998, Davis filed this personal restraint petition.

## DISCUSSION

█ "To obtain relief in this personal restraint petition, the defendant must show he was actually and substantially prejudiced either by a violation of his constitutional rights or by a fundamental error of law." *In re Personal Restraint of Benn*, 134 Wn.2d 868, 884, 952 P.2d 116 (1998). Davis contends that his two convictions for possession of marijuana with intent to manufacture violate the Double Jeopardy Clauses of the state and federal constitutions under our Supreme Court's decision in *State v. Adel*, 136 Wn.2d 629. Because Davis's argument implicates double jeopardy and a recent clarification of the law, we will consider his collateral attack on the convictions even though more than one year has passed since his direct appeal was rejected. *See* RCW 10.73.100.

In *State v. Adel*, the defendant was convicted of two

---

[2]An unpublished Court of Appeals' decision may not be cited as precedential authority on a point of law. RAP 10.4(h). But an unpublished opinion may be used as evidence of the facts established in earlier proceedings in the same case or in a different case involving the same parties. *Island County v. Mackie*, 36 Wn. App. 385, 391 n.3, 675 P.2d 607 (1984).

counts of simple possession of marijuana. *Adel*, 136 Wn.2d at 631. One charge was based on 0.1 grams of marijuana that the police found in Adel's car, which was parked directly outside Adel's convenience store. *Id.* The other charge was based on 0.2 grams of marijuana that the police found inside Adel's store. *Id.* Adel appealed his convictions, contending that convicting him twice for simple possession violated double jeopardy under the facts of his case.

On review, our Supreme Court concluded that the proper inquiry for considering double jeopardy challenges where the defendant is convicted of violating the same statute multiple times "is what 'unit of prosecution' has the Legislature intended as the punishable act under the specific criminal statute." *Id.* at 634. "The first step in the unit of prosecution inquiry is to analyze the criminal statute." *Id.* at 635. "If the Legislature has failed to denote the unit of prosecution in a criminal statute, the United States Supreme Court has declared the ambiguity should be construed in favor of lenity." *Id.* at 634-35 (citing *Bell v. United States*, 349 U.S. 81, 84, 75 S. Ct. 620, 99 L. Ed. 905 (1955)). "This in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read." *Bell*, 349 U.S. at 83.

In deciding "whether the Legislature intended to punish a person multiple times for simple possession based upon the drug being stashed in multiple places," the *Adel* court emphasized that the Legislature focused on the amount of drugs that the defendant possessed in drafting the simple possession statute:

> One way of construing legislative intent regarding the unit of prosecution for a simple possession crime is to refer to the 40 gram cutoff between a misdemeanor and a felony. *See* RCW 69.50.401(e). The Legislature has indicated the desire to punish possession of over 40 grams of marijuana as a more serious crime. In doing so, the Legislature focused solely on the quantity of the drug, and did not reference the spatial or temporal aspects of possession. Indeed, if officers had found 21

grams in Adel's store, and 21 grams in his car, prosecutors most certainly would have attempted to aggregate the two stashes and charge Adel with felony possession.

*Adel*, 136 Wn.2d at 635-36. In addition, the *Adel* court expressed concern that if location were the determinative factor in simple possession cases, prosecutors would multiply charges where all the drugs were in the defendant's dominion and control but were held in more than one place on the defendant's person, e.g., a sock, pant pocket, and a purse. *Id.* at 636. Therefore, the *Adel* court concluded that the Legislature intended quantity, not location, to define the unit of prosecution in simple possession cases: "We find the unit of prosecution in RCW 69.50.401(e) is possessing 40 grams of marijuana or less, regardless of where or in how many locations the drug is kept." *Id.* at 637. Accordingly, the court reversed one of Adel's convictions and remanded for resentencing. *Id.*

█ In the present case, Davis was convicted on two counts of possession of marijuana with intent to manufacture, not simple possession. The possession of marijuana with intent to manufacture statute contains no reference to quantity:

(a) Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

(1) Any person who violates this subsection with respect to:

. . . .

(iii) any other controlled substance classified in Schedule I, II, or III, is guilty of a crime and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both[.]

RCW 69.50.401. Therefore, based on the statute itself, the Legislature must not have intended to define the unit of prosecution in possession with intent to manufacture cases based on the quantity of drugs possessed.

This conclusion is amply supported by the *Adel* decision

itself. After concluding that the "unit of prosecution" test applies in cases where the defendant is convicted of violating the same statute multiple times, the *Adel* court revisited several Court of Appeals' decisions that failed to apply the "unit of prosecution" test. *Adel*, 136 Wn.2d at 637.

In *State v. McFadden*, 63 Wn. App. 441, 820 P.2d 53 (1991), McFadden was charged with two counts of possession of cocaine with intent to deliver based on 5.5 grams that he possessed in an apartment and 83.9 grams that he possessed in a van outside. *Adel*, 136 Wn.2d at 638. Applying the "unit of prosecution" test to the facts of McFadden's case, the *Adel* court focused on the defendant's two separate and distinct intents to deliver drugs, as evidenced by McFadden taking some of the drugs into the apartment and leaving some of the drugs in his van, not the quantity of drugs:

> One unit of prosecution was satisfied by McFadden's possession of drugs in the apartment. He intended to sell the 5.5 grams to the occupants of the apartment, satisfying the elements of the crime. The drugs found in McFadden's van clearly formed a *second* unit of prosecution. McFadden possessed the drugs in the van with an obvious intent to deliver them to unknown buyers in the future. The two crimes charged in *McFadden* were not premised on the fact that the drug was found in two different locations. The two crimes were premised on the showing that McFadden had two *separate and distinct* intents to deliver drugs in his possession—one intent to sell in the present to the occupants of the apartment and one intent to sell drugs in the future.

*Id.* Therefore, the *Adel* court concluded that McFadden's two convictions did not violate double jeopardy.

In *State v. Lopez*, 79 Wn. App. 755, 904 P.2d 1179 (1995), "Lopez was charged with two counts of possession with intent to deliver, one count based on the cocaine he had just purchased, and the other count based on the separate cocaine found on his person." *Adel*, 136 Wn.2d at 639. Applying the "unit of prosecution" test to the facts of Lopez's

case, the *Adel* court found that Lopez did not have multiple intents to deliver drugs:

Lopez may have had two distinct quantities of cocaine under his dominion and control, and evidence showed the two quantities came from separate sources, but none of that evidence was relevant to the unit of prosecution for possession with intent to deliver. The evidence failed to establish more than one intent to deliver the drugs in the future—there were not two distinct intents to deliver, as there were in *McFadden*.

*Id.* Therefore, the court concluded that Lopez could not be convicted on two counts of possession with intent to deliver.

Under the *Adel* court's analysis of the *McFadden* and *Lopez* cases, the "unit of prosecution" in possession with intent to deliver cases is a *separate and distinct* intent to deliver drugs. *Adel*, 136 Wn.2d at 638. Possession with intent to deliver and possession with intent to manufacture are both prohibited under the same statute, RCW 69.50.401(a). Therefore, the "unit of prosecution" in possession with intent to manufacture cases is a *separate and distinct* intent to manufacture drugs.

Under federal case law cited in *Adel*, where it is alleged that a criminal defendant possessed multiple "stashes" of drugs with intent to deliver, the relative time, location, and intended purpose of the "stashes" determine whether the defendant had multiple intents to deliver drugs: "Generally, courts which have considered the issue have determined that separate convictions for possession of the same controlled substance [with intent to deliver] will not violate the Double Jeopardy Clause if the possessions are sufficiently differentiated by time, location, or intended purpose." *Rashad v. Burt*, 108 F.3d at 681, *cited in Adel*, 136 Wn.2d at 633; *see also United States v. Johnson*, 977 F.2d 1360, 1374 (10th Cir. 1992); *United States v. Maldonado*, 849 F.2d 522, 524 (11th Cir. 1988); *United States v. Palacios*, 835 F.2d 230, 233-34 (9th Cir. 1987); *United States v. Blakeney*, 753 F.2d 152, 154-55 (D.C. Cir. 1985). Likewise, where it is alleged that a criminal defendant had multiple drug manufacturing operations, the relative time, location,

and intended purpose of the defendant's manufacturing operations should determine whether the defendant had multiple intents to manufacture. Indeed, it would defy common sense to interpret *Adel* as permitting a drug kingpin to manufacture drugs with impunity after the police uncover one of the kingpin's multiple drug manufacturing operations. *See Lopez*, 79 Wn. App. at 763 n.4. Therefore, if a defendant's alleged drug manufacturing operations "are sufficiently differentiated by time, location, or intended purpose," the defendant may be convicted multiple times for possession with intent to manufacture without violating double jeopardy. *Rashad*, 108 F.3d at 681.[3]

In Davis's direct appeal, this court affirmed the sentencing court's finding that that Davis was conducting " 'two different marijuana grow operations.' " *State v. Davis*, No. 31813-6-I, slip op. at 7 (Wash. Ct. App. July 18, 1994) (finding that the record "supports the inference drawn by the trial court that Davis was conducing 'two different marijuana grow operations' "). One of the operations was based in a house with a Redmond address, and the other was based in a house with an Issaquah address. Because Davis's two different marijuana grow operations are sufficiently distinguishable by location, his two convictions for possessing marijuana with intent to manufacture do not violate double jeopardy. Accordingly, Davis's personal restraint petition is denied.

BAKER, J., concurs.

BECKER, J. (dissenting) — I respectfully dissent. I would grant the personal restraint petition under the Supreme Court's recent decision in *State v. Adel*, 136 Wn.2d 629, 965 P.2d 1072 (1998). *Adel* is the Supreme Court's most

---

[3]The *Adel*, court expressed concern about overzealous prosecutors seeking multiple convictions by dividing a single crime into a series of temporal or spatial units. *See Adel*, 136 Wn.2d at 635. But under the *Rashad* rule, the courts can guard against prosecutors indiscriminately charging defendants with violating the same statute multiple times by dismissing charges that are not "sufficiently differentiated by time, location, or intended purpose." *Rashad*, 108 F.3d at 681.

recent contribution to the ongoing conversation among the three branches of government about the definition of crimes. In its role as protector of the Double Jeopardy Clause, the Supreme Court requires that the unit of prosecution be clearly defined. "If the Legislature has failed to denote the unit of prosecution in a criminal statute, the United States Supreme Court has declared the ambiguity should be construed in favor of lenity." *State v. Adel*, 136 Wn.2d at 634-35.

The Legislature did not refer to location in RCW 69.50.401(a), the statute defining the crime of possession with intent to manufacture. Because there is no language in that statute indicating a legislative intent to punish a person separately for each grow operation maintained in a separate location, this court should apply, as directed in *Adel*, the rule of lenity.

The petitioner's two grow operations evinced a single objective—the intention to grow marijuana for commercial purposes. Absent further definition in the statute, it is arbitrary to charge a person who grows 280 plants in two locations with two counts, when a person who grows a thousand plants in one location would be charged with only one count.

The majority worries that allowing conviction on only one count will have the effect of "permitting a drug kingpin to manufacture drugs with impunity" after the police uncover one of the kingpin's multiple drug manufacturing operations. Majority at 925. That result is no more likely than the possibility, after *Adel*, that an addict will be permitted to continue possessing drugs with impunity after the police uncover one of the addict's multiple stashes. The deeper concern underlying the majority's rationale is a fear that one count is not enough punishment for a drug kingpin. But to address this concern, it is not necessary to allow multiplication of counts. When a harsher penalty is arguably warranted because of egregious facts in a one-count case—for example where there is an unusually sophisticated, high-volume operation, or an operation

conducted in a residence frequented by children—the State may seek an exceptional sentence. *See* RCW 9.94A-.390(2)(e).

The unit of prosecution analysis is a significant legal principle. I do not think the Supreme Court intended its articulation of the principle in *Adel* to be confined to the facts of that case, but that is the effect of today's decision by this court.

I would reverse one of the petitioner's convictions and remand for resentencing.